Beatrice Shainswit, J.
The facts in this case are not novel; the novelty lies in the defendant the plaintiff has chosen to sue.
Defendant, a Brooklyn chain of check cashing stores, cashed two checks, at its usual fee, presented by one Young, with whom it had previously done business. The checks were putatively drawn by the president of plaintiff corporation — a small, two-employee, business in Manhattan — for wages due Young. Defendant made no effort to confirm the making of the checks, and concededly never does make any such effort; it limits itself solely to confirming the identity of the person cashing the check.
In fact, the checks were stolen from plaintiff company, and both the name of the payee (Young) and the signature of the drawer, plaintiff’s president, were forged. (Young, who was unknown to plaintiff, has since been indicted for forgery.) Defendant presented the checks for payment, and was actually paid; it also retains, of course, its fee from Young. Plaintiff discovered the facts only after its own bank, failing to detect the forgeries, accepted the checks and debited plaintiff’s account. Plaintiff then brought the instant suit against the check cashing company.
The record does not reveal why plaintiff has not chosen to sue its own bank, which ordinarily has primary responsibility for detecting a forgery. Whatever plaintiff’s reasons, the question here is whether it can by-pass suit against its bank and recover against the check cashing company. I am constrained to hold that it cannot.
The dispositive feature of this case is that there is no nexus between plaintiff and the check cashing company. There is no privity of contract; there is no dealing; there is no point of contact of any kind between plaintiff and defendant.
The functional utility of a check cashing enterprise has been recognized by the Legislature, in licensing such business activity, and the Legislature, in its own wisdom, has not chosen to fasten duties and responsibilities upon that industry beyond those emerging from application of the general rules of law. Specifically, there is nowhere any mandate that a check cashing company ascertain at its peril whether a maker’s signature has been forged. Absent such an affirmative duty, the court is powerless to create one by judicial fiat.
The only imaginable thesis to colorably prop up plaintiff’s suit involves the theoretical avoidance of a circuity of actions. The theory would have to go as follows: plaintiff is entitled *295 to recover against its own bank, which in turn would have a claim over against the collecting bank, which in turn would sue the check cashing company. But the theory assumes too much — viz., that a recovery against plaintiff’s own bank is automatic, that there are no defenses available, and that a sequence of judgments must follow in an inexorable chain. In fact, the right to each such judgment is not automatic but a matter of proof, and defenses are available. Indeed, the right to indemnification of the drawee bank by prior indorsers is far from clear, and certainly would require cogent proof forthcoming only in a separate litigation.
In sum, plaintiff’s suit is not sustainable on any short-circuit theory. The law still requires that there be some relationship between the parties, triggering responsibilities and duties. Indeed, the interests of society in an orderly banking system, with the rights and liabilities of participants in the world of finance spelled out in advance, are underlined in the Uniform Commercial Code. This case does not warrant judicial legislation upsetting that orderly system.
The complaint must therefore be dismissed, on the merits, without costs.